**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:25-cv-61744-LFL

NEO DAVIS,

     Plaintiff,

v.

ALICIA O. VALLE, *et al.*,

     Defendants.

                                  /

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Neo Davis's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 3) (the "IFP Motion"). This case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. Because I find that dismissal of this case is warranted and do not presently have authority to issue a dispositive order, I am issuing this Report and Recommendation. I have separately entered an Order directing the Clerk to reassign this case to a District Judge of this Court.

For the following reasons, I respectfully **RECOMMEND** that Plaintiff's IFP Motion be **DENIED**, and that the Amended Complaint be **DISMISSED**, without prejudice.

## I.      BACKGROUND

Plaintiff Neo Davis, proceeding *pro se*, filed the initial complaint in this action on August 29, 2025. That pleading asserted claims of breach of trust, trespass, obstruction of equity, and unlawful administration against three named defendants. (ECF No. 1). He additionally moved for leave to proceed *in forma pauperis* in this action to avoid his obligation to pay the $405.00 filing fee required to initiate a civil action in this Court. (ECF No. 3).

1

Upon review of the initial complaint, the Court issued an Order, (ECF No. 12), identifying numerous substantive and formal deficiencies in Plaintiff's pleading. The Court observed, for example, that the initial complaint "allege[d] no facts at all in support of [Plaintiff's] claims;" nor did it assert any clear basis for this Court's exercise of subject-matter jurisdiction over the claims he asserted. Specifically, the Court stated:

> [I]t is unclear what factual allegations Plaintiff is bringing, what claims Plaintiff is asserting, what connects Plaintiff's factual allegations to his claims, or how those factual allegations involve any of the Defendants the Complaint names. The Complaint declares in conclusory terms that denial "of rightful access to electric service, postal access, judicial remedy, and lawful fiduciary execution" have occurred, and that such denial "constitutes human trafficking, economic coercion, and fiduciary malfeasance." (ECF No. 1 at 1). Yet, the Complaint offers no factual matter indicating who did what or when.

(*Id.* at 2). Notably, the complaint purported to assert jurisdiction under "Ecclesiastical / Private Equity," rather than federal question or diversity jurisdiction. The Court ordered Plaintiff to file an amended complaint correcting the basic pleading deficiencies it had identified, and expressly "put[] Plaintiff on notice that failure to assert a valid basis for the Court's subject matter jurisdiction [would] result in dismissal of this action." (*Id.* at 2 n.2).

Plaintiff timely filed the Amended Complaint on October 17, 2025. (ECF No. 15). It asserts wrongdoing by three Defendants: the Honorable Alicia O. Valle, United States Magistrate Judge for the Southern District of Florida (retired), a Mr. Vincent Stewart, and a Mr. Armando Pimentel. The undersigned now screens Plaintiff's IFP Motion pursuant to 28 U.S.C. § 1915(e).

## II.    LEGAL STANDARD

Under Section 1915(e), a court is required to dismiss a case at any time if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) (emphasis added) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP

litigants[.]"); *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) ("Under §
1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma
pauperis if the court determines that the complaint fails to state a claim on which relief may be
granted."). Further, a court must dismiss an action if it determines, at any point, that it lacks subject
matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by
lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle
v. Gambel*, 429 U.S. 97, 106 (1979) (internal citations omitted). In determining whether to dismiss
a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most
favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although
a plaintiff is not held to a high standard in stating a claim, the Federal Rules require "a short and
plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the
grounds it rests upon. *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253
F.3d 678, 683 (11th Cir. 2018). While district courts must liberally construe *pro se* pleadings,
courts do not have license to rewrite complaints to create a viable cause of action where one does
not otherwise exist. *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation
omitted).

## III.    DISCUSSION

The Amended Complaint, like the initial complaint, fails to satisfy either Federal Rule of
Civil Procedure 8(a) or 12(b)(6) and, accordingly, fails to state a claim upon which relief can be
granted. In pertinent part, Federal Rule 8(a) requires that any pleading contain "a short and plain
statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim

3

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A plaintiff adequately states a claim for relief under Federal Rule 12(b)(6) when he pleads non-conclusory facts that, taken as true, permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Benson v. QBE Ins. Corp.*, 61 F. Supp. 3d 1277, 1279 (S.D. Fla. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such a reasonable inference is possible if the factual allegations are "enough to raise a right to relief above the speculative level." *Fed. Trade Comm'n v. Student Aid Ctr., Inc.*, 281 F. Supp. 3d 1324, 1331 (S.D. Fla. 2016) (citing *Twombly*, 550 U.S. 544, 555 (2007)).

The Amended Complaint levies four allegations. It alleges that Plaintiff holds "lawful tender presented to FLORIDA POWER & LIGHT." Defendant Valle, per Plaintiff, "act[ed] outside any lawful authority, ignored said tender" and thereby effectuated "trespass upon trust res[.]" (ECF No. 15 at 1). Defendant Stewart "participated in administrative fraud and enforced corporate policy without honoring a verified claim or lawful tender," thus effecting irreparable harm, and Defendant Pimentel "upheld a pattern of willful dishonor, breach of fiduciary duty, and deprivation of secured interest." (*Id.* at 1–2).

Each of these allegations is conclusory and, like Plaintiff's initial complaint, fail to set forth "factual matter indicating who did what or when." (ECF No. 12). In other words, the Amended Complaint alleges legal conclusions but not the factual background underpinning them. Plaintiff's wholesale omission of non-conclusory allegations of fact from his pleading precludes the Court from being able to infer whether a plausible claim has been stated.

Moreover, on amendment, Plaintiff has again failed to set forth allegations from which this Court can conclude that it possesses subject matter jurisdiction over the Amended Complaint's claims. The Amended Complaint now references "EQUITY JURISDICTION – ON THE LAND."

4

(ECF No. 15 at 1). It thus repeats the pleading deficiency identified in the Court's Order requiring amendment.

"Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *see also Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (district court does not abuse its discretion by dismissing complaint for failure to comply with order to submit documentation or pay filing fee).

As noted above, the Court cautioned Plaintiff in its prior Order that "failure to assert a valid basis for the Court's subject matter jurisdiction" on amendment would "result in dismissal of this action." (ECF No. 12 at 2 n.2). So too did it advise that his amended complaint "must contain sufficient factual bases for any claims asserted to put any named Defendants on notice of the allegations brought against him or her." (*Id.* at 2 n.3). Plaintiff failed to file an amended complaint setting grounds for the Court's subject matter jurisdiction or apprising Defendants of the allegations brought against them, and thus failed to comply with the Court's prior Order. Here, that failure warrants denial of Plaintiff's IFP Motion and dismissal of this action, without prejudice.[1]

---

[1] Dismissal "with prejudice" under Rule 41(b) "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005). But "[c]ourts are afforded greater discretion in dismissing cases where dismissal is without prejudice." *Holmes v. Campbell*, No. 23-14066-CIV, 2024 WL 1077404, at *3 (S.D. Fla. Feb. 22, 2024) (citing *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718–19 (11th Cir. 2011)).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 3), and **DISMISS** this action, without prejudice. The Clerk of Court is instructed to mail a copy of this Report and Recommendations to Plaintiff.

A party shall serve and file written objections, if any, to this Report and Recommendations with the assigned United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 30th day of June, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

6