UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61744-CIV-DAMIAN/Louis

NEO DAVIS,

     Plaintiff,

v.

JUDGE ALICIA O. VALLE, *et al.*,

     Defendants.

_____/

ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION [ECF NO. 22]

**THIS CAUSE** is before the Court on Magistrate Judge Lauren F. Louis's Report and Recommendation ("Report") [ECF No. 22], entered on June 30, 2026, recommending that Plaintiff, Neo Davis's ("Plaintiff" or "Davis"), Amended Complaint [ECF No. 15] be dismissed without prejudice for failure to comply with the court's Order to Amend [ECF No. 12], for failure to state a claim, and for lack of subject-matter jurisdiction, and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") [ECF No. 3] be denied.

THE COURT has considered the Amended Complaint, the Report, the IFP Motion, the record in this case, and the relevant authorities and is otherwise fully advised.

On August 29, 2025, Plaintiff filed this lawsuit by way of a document titled "Declaration of Trespass, Fiduciary Breach, and Human Trafficking," referred to here as a Complaint, naming three Defendants, retired U.S. Magistrate Judge Alicia O. Valle, Vincent Stewart (identified in the Complaint as the "Surety Bonds/Letters of Credit Coordinator for Florida Power & Light" ("FPL")), and Armando Pimentel (identified as the CEO of FPL). *See generally* ECF No. 1 ("Complaint"). The Complaint does not include any coherent factual

allegations and includes a Prayer For Relief that requests "the immediate reinstatement of electrical services to the trust estate, recognition of trust property status under divine equity, and full remedy in the form of restitution, bond levy, and personal liability enforcement." The Complaint is replete with phrases and terms bearing the hallmarks associated with "sovereign citizen" litigants, whose legal theories and filings have been routinely rejected as frivolous in this Circuit. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

After several judges recused, Judge Louis received transfer of the case on October 10, 2025. [ECF No. 10]. On October 13, 2025, Judge Louis screened the Complaint *sua sponte* to confirm that it complied with court rules and procedures, and she ordered Plaintiff to amend the Complaint. *See* Order to Amend. Specifically, Judge Louis observed that Plaintiff alleged "no facts at all in support of his claims," nor did "Plaintiff assert a clear basis for [the exercise of] subject matter jurisdiction over his claims." *Id.* at 1-2. Judge Louis concluded that the Complaint clearly failed to comply with Federal Rule of Civil Procedure 8(a) because it "offer[ed] no factual matter indicating who did what or when." *Id.* at 2. Plaintiff was given two weeks to file an amended complaint, which he did four days later with a document titled "First Amended Verified Complaint in Equity." *See* Am. Compl.

The Amended Complaint contains five paragraphs that set forth in conclusory manner threadbare allegations against the three Defendants. For example, the paragraph directed at Vincent Stewart (the only allegations relating to Vincent Stewart) states: "Defendant Vincent Stewart participated in administrative fraud and enforced corporate policy without honoring a verified claim or lawful tender, causing irreparable harm." Am. Compl. ¶ 3.

On June 30, 2026, Judge Louis conducted a non-prisoner *in forma pauperis* screening per 28 U.S.C. § 1915(e)(2) for frivolity, maliciousness, failure to state a claim, and defendant

2

immunity. *See* Report at 2-3. In the Report, Judge Louis notes that Plaintiff "alleges legal conclusions but not the factual background underpinning them." *Id.* at 4. Moreover, she observes that "on amendment, Plaintiff has again failed to set forth allegations from which this Court can conclude that it possesses subject matter jurisdiction over the Amended Complaint's claims." *Id.* Finding that Plaintiff failed to comply with the Order to Amend and the Amended Complaint still failed to set forth any plausible claims or even a basis for subject matter jurisdiction, Judge Louis recommends denial of the IFP Motion and dismissal of the action without prejudice. *Id.* at 6.

Plaintiff did not file objections to Judge Louis's Report, and the time for filing objections has passed.

A District Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these

3

findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the Order to Amend, the Amended Complaint, the record, and the applicable law to assure that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Louis's Report and agrees with Judge Louis's conclusions. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 22]** is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Amended Complaint **[ECF No. 15]** is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's IFP Motion **[ECF No. 3]** is **DENIED AS MOOT**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 20th day of July, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   U.S. Magistrate Judge Lauren F. Louis

**Neo-Davis,** *Pro Se*
15031 North Saxon Circle
Southwest Ranches, FL 33331

4